OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Edward Hill, appeals the decision of the Harrison County Court of Common Pleas which found him guilty of aggravated assault and sentenced him accordingly. The issues we must resolve are whether the trial court erred when it did not allow evidence that the victim had a non-peaceful reputation and whether Hill's counsel was ineffective for not arguing either diminished capacity or insanity as a defense.
 {¶ 2} Hill argued self-defense and tried to introduce evidence that the victim had a non-peaceful reputation. But the Ohio Supreme Court recently held that when a defendant is arguing self-defense, he may not introduce character evidence to prove that the victim was the initial aggressor. Furthermore, any possible error in failing to admit that evidence would be harmless since the victim testified about his non-peaceful reputation. Thus, Hill's argument is meritless.
 {¶ 3} In addition, Hill's arguments relating to the ineffectiveness of counsel are meritless. The Ohio Supreme Court has definitively held that a defendant may not argue an "intoxication defense." Furthermore, there is no evidence in the record supporting Hill's assertion that counsel should have argued an insanity defense. Because Hill's arguments are meritless, the trial court's judgment is affirmed.
 Facts {¶ 4} On the night of July 3, 2001, Hill was at a party where he had been drinking and challenging various people to a fight. Eventually, Hill challenged Jonathan Gray to a fight and Gray accepted the challenge. The two took off their shirts and went outside. When outside, Hill and Gray began to fight, during which Hill stabbed Gray in the chest. Emergency personnel arrived on the scene and Gray had to undergo surgery.
 {¶ 5} Subsequently, the Harrison County Grand Jury indicted Hill on one count of felonious assault in violation of R.C. 2903.11(A)(2), a second degree felony. The matter proceeded to a jury trial. Hill argued the affirmative defense of self-defense, but the jury found him guilty of aggravated assault in violation of R.C. 2903.12, a fourth degree felony. The trial court then sentenced Hill accordingly. It is from this judgment that Hill timely appeals.
 {¶ 6} The brief Hill's counsel filed on appeal assigns one error. In addition, Hill has assigned a second error pro se. In the interests of justice, we will address each of those assignments of error.
 Admission of Victim Character Evidence {¶ 7} In the assignment of error argued by counsel, Hill contends:
 {¶ 8} "The trial court committed prejudicial error and deprived Appelant [sic] of due process of law as guaranteed by theFourteenth Amendment to the United States Constitution whereas the trial court improperly excluded evidence of the character of the victim."
 {¶ 9} At trial, Hill argued self-defense. At one point, a witness stated that on the night in question, Gray was "being his mellow self." Later on, Hill tried to ask another witness whether Gray has a reputation as a fighter. The State objected and the trial court sustained the objection, finding the prior witness's answer did not bring Gray's reputation for peacefulness into question and, therefore, did not open the door to Hill's line of questioning. Hill argues this decision was error because some Ohio courts have found that evidence of a victim's bad character is admissible. In response, the State argues the evidence is not generally admissible. Furthermore, the State argues that even if the trial court's decision was erroneous, then any error which occurred was harmless since Gray testified at trial and admitted his history of fighting.
 {¶ 10} A trial court has broad discretion concerning the admission and exclusion of evidence, and a reviewing court shall not disturb the trial court's ruling unless a clear abuse of discretion is established.W. Coast Indus. Relations Assn., Inc. v. Superior Beverage Group, Ltd.
(1998), 127 Ohio App.3d 233, 242. Furthermore, the State's argument that any error would be harmless is correct. Even if the witness's statement that Gray was "being his normal mellow self" did open the door to evidence of Gray's character, defense counsel took advantage of his ability to cross-examine Gray. On cross-examination, Gray admitted he always fought if someone challenged him so he would not be perceived as a wimp. He also stated that his reputation as a fighter was important to him. Thus, Hill was able to introduce the type of evidence which he now complains was excluded. For these reasons, Hill's first assignment of error is meritless.
 Diminished Capacity and Insanity Defenses {¶ 11} In the assignment of error he argues pro se, Hill contends:
 {¶ 12} "Trial counsel was ineffective and failed to raise a viable issue as a defense which lead to errors at trial by trial counsel to amount to the denial of due process and fair trial under Article I
Sections 10 and 16 of the Ohio Constitution and the Fifth, Sixth, andFourteenth Amendments to the United States Constitution."
 {¶ 13} Here, Hill argues he was denied the effective assistance of counsel because counsel did not argue a "intoxication defense". But as Hill points out in his brief, the Ohio Supreme Court has held that the partial defense of diminished capacity is not recognized in Ohio. Statev. Wilcox (1982), 70 Ohio St.2d 182, 24 O.O.3d 284, 436 N.E.2d 523, paragraph one of the syllabus. In addition, "[a] defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that the defendant lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime." Id. at paragraph two of the syllabus. He argues this syllabus law violates his constitutional rights. But these arguments were addressed in Wilcox. Hill's argument that trial counsel was ineffective for not attempting to assert this method of defense is meritless.
 {¶ 14} In addition, Hill also argues trial counsel should have argued insanity since he suffers from a mental disorder and that counsel was ineffective for not conducting a more thorough investigation into his disorder. But as Hill points out in his brief, there is no evidence on the record establishing that he has any kind of mental disorder. Accordingly, this is an argument more appropriate for post-conviction proceedings. This argument is, therefore, also meritless.
 {¶ 15} Because each of Hill's assignments of error are meritless, the judgment of the trial court is affirmed.
Judgment affirmed.
Waite, P. J., and Donofrio, J., concur.